**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX
REFUND SCHEME LITIGATION

This document relates to:
18-cv-07824; 18-cv-07827; 18-cv-07828;
18-cv-07829; 19-cv-01781; 19-cv-01783;
19-cv-01785; 19-cv-01788; 19-cv-01791;
19-cv-01792; 19-cv-01794; 19-cv-01798;
19-cv-01800; 19-cv-01801; 19-cv-01803;
19-cv-01806; 19-cv-01808; 19-cv-01809;
19-cv-01810; 19-cv-01812; 19-cv-01813;
19-cv-01815; 19-cv-01818; 19-cv-01866;
19-cv-01867; 19-cv-01868; 19-cv-01869;
19-cv-01870; 19-cv-01871; 19-cv-01873;
19-cv-01894; 19-cv-01896; 19-cv-01918;
19-cv-01922; 19-cv-01926; 19-cv-01928;
19-cv-01929; 19-cv-01931; 19-cv-10713;
21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)

---

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING EXTRATERRITORIAL CIVIL AND CRIMINAL PROCEEDINGS**

Defendants respectfully request that the Court preclude Plaintiff Skatteforvaltningen ("SKAT") from introducing evidence or making argument concerning fines, findings, penalties, or settlements related to extraterritorial civil, criminal, or regulatory proceedings involving non-parties to this litigation related to their participation in dividend arbitrage transactions (collectively, "Foreign Proceedings"). Such nonparties include—but are not limited to—Matthew Stein, Jerome Lhote, Luke McGee, Maple Point, Maple Bank, North Channel Bank, Freshfields, Guenther Klar, Anthony Mark Patterson, Bastion Capital, The TJM Partnership Limited, Sunrise Brokers LLP,

Sapien Capital Ltd., Nailesh Teraiya, and ED&F Man Capital Markets.[1]  Because these matters are not germane to Defendants or to any of the issues in the consolidated trial, introduction of this evidence would be unduly prejudicial, would confuse the issues, and would mislead the jury. Accordingly, evidence concerning these irrelevant Foreign Proceedings should be excluded.[2]

 Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury…."  Unfair prejudice "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"  *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982) (quoting Advisory Committee Note to Fed. R. Evid. 403).  Put differently, "courts should be sensitive to any 'unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.'"  *Id.* (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure s 5215 at 275 (1978)). Similarly, evidence that unfairly confuses the issues or misleads the jury should be excluded, because it "may cause a jury to base its decision on something other than the established propositions in the case." 2 Weinstein's Federal Evidence § 403.04[1][b], at 403–36 (2d ed. 1998) (cited with approval in *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270 (2d Cir. 1999)).

Introduction of evidence concerning extraterritorial dividend arbitrage related Foreign Proceedings involving nonparties to this litigation would be unduly prejudicial to Defendants.  If SKAT were to reference these Foreign Proceedings, the jury would be encouraged to resolve the

---

[1]    For avoidance of doubt, Defendants do not seek to exclude evidence or argument related to the fact that Sanjay Shah and/or Solo Capital have been charged with violations of criminal and civil law in foreign proceedings. Given SKAT's allegation that Shah was the "mastermind" of the purported scheme and that Defendants received account statements from Solo, both Shah and Solo are uniquely relevant to the facts of this case.  In contrast, the parties involved in the Foreign Proceedings at issue in this motion are much farther afield.

[2]    This includes the fact that certain defendants (including but not limited to Anthony Mark Patterson) have pled guilty to criminal charges in other jurisdictions, which has no relevance to this case and would only serve to confuse the issues (especially since the defendants in this case have *not* been criminally charged) and unfairly prejudice the defendants.

case on an "improper basis;" that is, hearing evidence about civil and criminal consequences for nonparties in other jurisdictions might lead the jury to treat the Defendants as "guilty" by association without fully considering the facts of this case. *Birney*, 686 F.2d at 106.

The risk that jurors will use as a heuristic shortcut findings, settlements, convictions, or penalties (or other Foreign Proceedings) imposed on ***other*** defendants in ***foreign*** jurisdictions is especially problematic because the standards of proof—and the procedural safeguards afforded to defendants or targets of investigations—are dramatically different in non-US jurisdictions. *See, e.g.*, *In re Banco Bradesco S.A. Securities Litigation*, 277 F. Supp. 3d 600, 637 (S.D.N.Y. 2017) (dismissal of criminal charges against defendant in Brazil had no legal bearing on motion to dismiss U.S. civil securities claims against defendant because of differences in standards of proof between the two jurisdictions). If SKAT were allowed to introduce such unfairly prejudicial evidence into this record, Defendants necessarily would need to educate the jury about the different legal standards that apply to, for example, criminal proceedings in Germany versus criminal proceedings in Denmark versus regulatory proceedings in the UK, and to contrast those standards with those applicable here.

Defendants also would be forced to distinguish their own roles and knowledge from the roles and knowledge of a litany of non-parties. This is especially problematic because Defendants are not parties to and do not have full visibility into the Foreign Proceedings, and SKAT has not produced to Defendants all documents, testimony, and other evidence from those proceedings. In short, an already complex trial involving dozens of parties would spawn mini-trials where the parties would re-litigate cum-ex matters that have played out across the globe. This is precisely the scenario that Rule 403 is designed to address. *See Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (quoting *Park West Radiology v. CareCore Nat'l*

*LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y. 2008)) (precluding introduction of evidence related to allegations of fraud by nonparties at trial, because "[t]he inclusion of the nonparty fraud allegations here pose the risk of turning the trial into a 'multi-ringed sideshow of mini-trials on collateral issues pertaining to the conduct and relationships of third parties that may have only tangential bearing, if at all, to the issues and claims disputed in this case'").

Evidence concerning these Foreign Proceedings would confuse the issues and mislead the jury. At issue in this consolidated trial is whether **Defendants** engaged in a tax refund scheme **under New York law** in **the United States**, and whether Defendants are liable to SKAT under U.S. law. The Court will apply the Federal Rules of Evidence, which may differ significantly from the evidentiary standards used in the Foreign Proceedings. Evidence concerning extraterritorial nonparty Foreign Proceedings would derail the focus of this trial and send the jury on misguided tangents. For instance, the introduction of evidence that certain of Sanjay Shah's associates have been sentenced to years in prison in Denmark[3] or that the U.K. Financial Conduct Authority has fined certain brokers who traded stocks for Solo Capital clients[4] would lead the jury far astray from the facts at issue at the consolidated trial and would impermissibly reframe the trial around whether **nonparties** violated **Danish criminal law** or **English securities law**—neither of which has any relevance here. *See, e.g.*, *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) ("Injecting this case with … non-parties who have no connection to the subject matter of this litigation will only detract the parties—and later, a jury—from the real issues….").

---

[3]    *See* https://www.swissinfo.ch/eng/danish-tax-fraud-suspect-tells-court-he-used-legal-loophole/74031158.

[4]    *See* Press Release, U.K. Fin. Conduct Auth., FCA Fines Bastion Capital London Limited £2.5m For Serious Financial Control Failings (July 13, 2023), https://www.fca.org.uk/news/press-releases/fca-fines-bastion-capital-london-limited-25m-serious-financial-control-failings; Press Release, U.K. Fin. Conduct Auth., FCA Fines Sunrise Brokers LLP £642,400 For Serious Financial Crime Control Failings In Relation To Cum-Ex Trading (July 13, 2023), https://www.fca.org.uk/news/press-releases/sunrise-brokers-llp-fine-serious-financial-crime-control-failings.

Because such evidence could "cause [the] jury to base its decision on something other than the established propositions in the case," *Leopold*, 174 F.3d at 269, it should be excluded.

This is particularly true because none of this evidence serves to "prove some fact or issue 'of consequence to the determination of the action.'" *United States v. Figueroa*, 618 F.2d 934, 939 n.2 (2d Cir. 1980) (quoting Fed. R. Evid. 401). Foreign determinations about non-parties cannot substitute for proof against the Defendants in these cases, and SKAT ought not be permitted to bootstrap foreign findings, convictions or settlements to prove liability in this Court. Whatever the probative value of any such evidence may be—and it is slim at best—that value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, *see American Growth Funding II*, 2019 WL 1748186, at *3.

## CONCLUSION

For the foregoing reasons, SKAT should be precluded from introducing evidence or making argument concerning investigations, trials, fines, findings, penalties, or settlements related to extraterritorial civil, criminal, or regulatory proceedings involving non-parties to this litigation related to their participation in dividend arbitrage transactions.

Dated: New York, New York
August 15, 2024

Respectfully submitted,


/s/ *Peter G. Neiman*
Boyd M. Johnson
Peter G. Neiman
Alan E. Schoenfeld
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Boyd.Johnson@wilmerhale.com
Peter.Neiman@wilmerhale.com
Alan.Schoenfeld@wilmerhale.com

Andrew S. Dulberg
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

*Attorneys for Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*


/s/ *Sharon L. McCarthy*
Sharon L. McCarthy
KOSTELANETZ LLP
7 World Trade Center
250 Greenwich Street
34th Floor
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com

Nicholas S. Bahnsen
Daniel C. Davidson
KOSTELANETZ LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001
(202) 875-8000
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pensión Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*

/s/ *David L. Goldberg*
David L. Goldberg
Michael M. Rosensaft
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
david.goldberg@katten.com
michael.rosensaft@katten.com

*Attorneys for Defendants Robert Klugman, RAK Investment Trust, Aerovane Logistics LLC Roth 401K Plan, Edgepoint Capital LLC Roth 401K Plan, Headsail Manufacturing LLC Roth 401K Plan, The Random Holdings 401K Plan, The Stor Capital Consulting LLC 401K Plan*

/s/ *Thomas E.L. Dewey*
Thomas E.L. Dewey
Sean K. Mullen
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue

- 7 -

37th Floor
New York, New York 10017
(212) 943-9000
tdewey@dpklaw.com
smullen@dpklaw.com

_/s/ Elliot R. Peters_____
Elliot R. Peters
Julia L. Allen
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
(415) 962-7188
epeters@keker.com
jallen@keker.com

_Attorneys for Defendant Michael Ben-Jacob_

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 15, 2024 the foregoing document was served electronically to all parties of record by the CM/ECF system.


<u>*/s/ Peter G. Neiman*</u>
Peter G. Neiman

August 15, 2024